IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 0 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00462-BNB

DELAREE ROSS,

    Plaintiff,

v.

AURORA P.O. DAVID GALLEGOS, false reporting/arrest,
ADAMS CO. D.A. JAMIN ALIBASO, wrongful conviction,
ADAMS CO. D.A. STACEY MOORE, wrongful conviction,
FORENSIC CHEMIST MARY JO McCAULEY, testified w/o presenting proof of physical
    evidence, and
HON. JUDGE THOMAS R. ENSOR, illegal sentence false imprisonment,

    Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Delaree Ross was confined at the Adams County Detention Facility in Brighton, Colorado, when she initiated this action. Ms. Ross has advised the Court that she has been released from custody. Ms. Ross initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that her rights under the United States Constitution were violated as the result of her arrest, prosecution, and conviction in 2002. She subsequently filed a number of amended complaints raising substantially similar claims. On May 11, 2007, Magistrate Judge Boyd N. Boland ordered Ms. Ross to file one final amended complaint that includes all of the claims she wishes to pursue in this action. On May 15, 2007, Ms. Ross filed her final amended complaint. She seeks money damages as relief.

Ms. Ross has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(iii), the Court must dismiss the final amended complaint if Ms. Ross seeks monetary relief from a defendant who is immune from such relief. For the reasons stated below, the Court will dismiss the final amended complaint in part pursuant to § 1915(e)(2)(B)(iii).

The Court must construe the final amended complaint liberally because Ms. Ross is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the final amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate. *See id.*

As noted above, Ms. Ross contends that her constitutional rights were violated as the result of her arrest, prosecution, and conviction in 2002. Ms. Ross was convicted of possession of cocaine. In May 2005, the Colorado Court of Appeals reversed her conviction after determining that the trial court improperly had denied her motion to suppress the evidence obtained as the result of the search of Ms. Ross when she was arrested. In the instant action Ms. Ross is suing the police officer who conducted the search, the forensic chemist who testified at her trial, the two deputy district attorneys who prosecuted the criminal case against her, and the state court judge who presided over her criminal case.

The Court first will address the claims against the two deputy district attorneys, Jamin Alibaso and Stacey Moore. Ms. Reed fails to assert any specific claims against these two Defendants in her final amended complaint. However, based on the Court's review of the prior amended complaints filed in this action, it is apparent that the deputy district attorneys are entitled to prosecutorial immunity in this action because Ms. Reed is suing them for their actions taken in the course of the criminal case against Ms. Reed. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). Because Ms. Reed does not allege any actions by either deputy district attorney that were taken outside the course of their roles as advocates for the State, they are entitled to absolute prosecutorial immunity and the claims against them will be dismissed.

The Honorable Thomas P. Ensor, the state court judge named as a Defendant in this action, also is entitled to immunity in this action. Judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt*, 17 F.3d at 1266-67. Ms. Reed's allegations against Judge Ensor, that he erred by denying her motion to suppress, allowing the forensic chemist to testify, and sentencing her to prison, are based on actions taken by Judge Ensor in his judicial capacity. Ms. Reed does not allege that Judge Ensor was acting in the clear absence

3

of all jurisdiction in the criminal case. Therefore, the claims asserted against Judge Ensor are barred by absolute judicial immunity and also will be dismissed.

The Court will not address at this time the merits of Ms. Reed's claims against the police officer who conducted the search or the forensic chemist who testified at her trial. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims asserted against Defendants Adams Co. D.A. Jamin Alibaso, Adams Co. D.A. Stacey Moore, and Hon. Judge Thomas P. Ensor are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). It is

FURTHER ORDERED that Defendants Adams Co. D.A. Jamin Alibaso, Adams Co. D.A. Stacey Moore, and Hon. Judge Thomas P. Ensor are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 6 day of July, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00462-BNB

Delaree Ross
3380 Leyden Street
Denver, CO 80202

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/10/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk